[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-11746

————————————————

D.C. Docket No. 1:13-cv-03808-WSD

REBECCA RAMSEY,

Plaintiff-Appellant,

versus

WALLACE ELECTRIC COMPANY, LLC, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(June 24, 2016)

Before WILLIAM PRYOR, ANDERSON and PARKER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

Plaintiff-Appellant Rebecca Ramsey appeals from the district court's grant of summary judgment to Defendants-Appellees Wallace Electric Company, LLC ("Wallace") and Phillip Wallace, Sr., on Ramsey's claim for overtime pay under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §207(a)(1).  Wallace does not dispute that Ramsey regularly worked more than forty hours a week and that Wallace did not pay overtime wages for the hours Ramsey worked in excess of forty hours a week.  Rather, Wallace maintains that Ramsey is not entitled to overtime pay because she was "employed in a bona fide executive, administrative, or professional capacity" and thus exempt from the overtime pay requirements pursuant to §213(a)(1).  The district court granted summary judgment to Wallace, holding that there was no genuine question of material fact that Ramsey was exempt under the statute and the relevant regulations promulgated by the Department of Labor defining and delimiting the scope of the exemption.  After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that we must vacate the district court's order and remand this case for further proceedings.

FLSA mandates generally that covered employees who work more than forty hours in a week must receive overtime pay for those hours worked in excess of forty at a rate of one and one-half times their regular wage. §207(a)(1).

2

However, the overtime pay requirement does not apply to employees working in "a bona fide executive, administrative or professional capacity." §213(a)(1).

Congress has not defined the statutory terms "executive," "administrative," or "professional." Rather, §213(a)(1) provides an express grant of rulemaking authority to the Department of Labor to define and delimit the scope of the exemptions. These regulations are given controlling weight unless they are found to be arbitrary, capricious, or contrary to the statute. See Gregory v. First Title of America, Inc., 555 F.3d 1300, 1302 (11th Cir. 2009).

The Department of Labor's current regulations provide that the "general rule" is that an employee is "employed in a bona fide administrative capacity" for the purposes of § 213(a)(1), and thus exempt from FLSA's overtime requirements, if the employee is:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. §541.200(a). On appeal, the parties dispute whether Wallace is entitled to summary judgment on the second and third prongs of this test.

3

Ramsey argues that the district court erred in determining that there was no genuine question of material fact that Ramsey's primary duty was "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." For the reasons fully explored at oral argument, we agree with the district court with respect to this second prong of the test.

Turning to the third prong of the test, Ramsey argues that the district court erred in determining that there was no genuine question of material fact that Ramsey's primary duty included "the exercise of discretion and independent judgment with respect to matters of significance." The regulations provide several pieces of guidance relevant to the determination of whether Ramsey exercised discretion and independent judgment with respect to matters of significance.

First, the regulations provide a definition of the type of discretion and judgment required:

> In general, the exercise of discretion and independent judgment involves **the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.** The term "matters of significance" refers to the level of importance or consequence of the work performed.

§541.202(a) (emphasis added). According to this definition, exercising discretion with respect to matters of significance generally requires that an employee make consequential decisions among available options.

4

Second, the regulations provide a long non-exclusive list of factors to be considered in determining whether an employee exercises discretion and independent judgment:

> The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

§541.202(b).

Third, the regulations provide guidance with respect to the degree of independence an employee must possess:

> The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise

5

discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level.

§541.202(c).

Finally, the regulations provide guidance pertaining specifically to clerical services and other mechanical or repetitive services:

> The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. . . . The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work. An employee who simply tabulates data is not exempt, even if labeled as a "statistician."

§541.202(e).

With respect to this third prong of the test – i.e., the exercise of discretion and independent judgment with respect to matters of significance – we agree with Ramsey and hold that there are genuine issues of fact with respect to many of the relevant factors.   For example, Phillip Wallace, Sr., the proprietor of Wallace Electric, testified that Ramsey was authorized to and frequently did negotiate hourly rates for commercial/industrial service jobs and mark up the company's cost of certain materials. He indicated that Ramsey could make the "final call" before quoting same to the customer if she was unable to reach a supervisor.  However, reasonable inferences from Ramsey's deposition and affidavit dispute that Ramsey had such discretion or authority.

6

For the foregoing reasons, and for the reasons fully explored at oral argument, we conclude that there are genuine issues of fact which preclude summary judgment on the third prong of the test – i.e., whether Ramsey's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

Although the district court correctly resolved the second prong of the test, the court erred with respect to the third prong. Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.